JOEL S. POLOCK, Respondent, v. JOHN D. HUNT, LEVI L. BLOOD, and JAMES H. ADAMS, Appellants.

Great latitude is given to the Courts by our statute, in amending and altering pleadings, &c.

The Court may allow a summons to be amended by inserting the notice of the cause of action, &c., required by the act of 1851.

APPEAL from the Superior Court of the City of San Francisco.

The respondent sued the appellants as indorsees of two promissory notes, one made by the appellants, payable to Berthelot & Comire, and the other made by Berthelot & Comire, payable to the appellants, and both indorsed to the plaintiff. A summons was issued on the 1st of July, 1851, in the form prescribed by the act of 1850. On the 5th of July, the plaintiff sued out a writ of attachment, upon filing an affidavit and undertaking.

The defendants moved to set aside the proceedings, on the ground that the summons was not in conformity with the act of 1851, which took effect on the 1st day of July. The plaintiff moved to amend the summons, so as to make it conform to the new act. Both motions were heard together on the 21st of July; when the Court overruled the defendants' motion, and allowed the plaintiff to amend the summons; and allowed the defendants three days to answer or demur. The defendants excepted; but on the 23d of July, filed a demurrer to the complaint. On the 26th of July, the defendants filed a notice of appeal from the order of the 21st. On the same day, a note of issue was filed: and on the 28th, the demurrer was overruled, in the absence of the defendants' counsel. On the 30th, the Court, on the affidavit of the defendants' counsel, vacated the order overruling the demurrer on condition that the plaintiff be allowed to file an amended declaration, and issue a new summons, without paying costs. The plaintiff immediately filed an amended declaration. On the 31st of July, the defendants filed their exception to the order overruling the demurrer; and gave notice of appeal from that order, insisting also on their appeal from the order of the 21st of July.

13

*Brooks* and *McCrackin*, for the appellants.

*P. W. Tompkins*, for the respondents.

Chief Justice MURRAY delivered the opinion of the Court. The record in this cause is encumbered with trivial and frivolous objections, taken, in some instances, to a proper exercise of discretion by the Court below. The summons issued was in the form provided by the old Practice Act. After many rulings and counter-rulings by the Court, and exceptions by counsel, the Court gave the plaintiff leave to amend his complaint and summons. From this order the defendants appealed. The point on which the defendants seem most to rely is, that the Court had no power to allow the plaintiff to amend the summons; that if it was defective, the Court could not cure the defect. The Practice Act of 1851 provides that the summons shall contain a notice to the defendant of the nature of the demand; and that unless he appear and answer within the time therein specified, judgment by default will be taken against him. The summons in this case does not contain this notice.

The process of a Court is, to a certain extent, within its own control. The object of the summons is to put the party upon notice of the demand against him. The summons first issued was sufficient for this purpose. If the plaintiff had taken judgment by default without the proper notice required by law to be conveyed in the writ, it would, doubtless, have been error. But this was not done. The Court had power to amend the summons, so as to make it conform to the law in this particular, as it operated no hardship or surprise upon the defendants. It is said that if the summons is worthless, the parties were not properly brought into Court, and the whole proceedings should have been dismissed. This proposition might be true in cases where the writ was radically defective for want of legal sufficiency; but not for want of some immaterial recitation which does not affect the rights of the parties. We have been unable to discover any good cause for which this judgment can be reversed. Great latitude is given to the Courts by our statute, in amending and altering pleadings, &c.; and they are required to administer substantial justice between the parties. In fact, this power is indispensably necessary, in view of the frequent changes made by the legisla-

ture in our system of practice, and the difficulty the Courts and the bar experience in obtaining the laws.

Judgment of the Court below affirmed, with costs.

Another similar case, between the same parties, was decided in the same manner; and the judgment affirmed.