## DEIDESHEIMER et al. v. BROWN.

A justice of the peace cannot make a summons returnable in eleven days after service.
Where a defendant appears for the purpose of taking advantage of irregular summons by a motion to dismiss, it does not amount to a waiver of his rights so as to cure the defect.
Nor does he waive his rights by answering after moving to dismiss, and motion overruled.

APPEAL from the County Court of Placer County.

*Tuttle & Myers* for Appellants.

*Welsh & Hillyer* for Respondent.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

Action before Justice's Court, to recover mining-claim; summons issued and served February 3, 1857, returnable February 14. Defendant moved to dismiss the case, because the summons was dated, issued, and served, more than ten days before its return. Motion overruled, and defendant answered. Judgment for defendant, and plaintiff appealed to the County Court. De-

fendant again moved to dismiss, and motion overruled.   Trial
upon the merits, and judgment for plaintiffs, and defendant
appeals to this Court.
     The motion of the defendant to dismiss should have been sus-
tained.   If the justice could make the summons returnable in
eleven days from its date, then he could make it returnable in
eleven months.   The defendant has an interest in a speedy trial,
as well as the plaintiff.   The appearance of the defendant, for
the purpose of making the proper motion, did not waive his
rights ;  had he answered without any objection, then he could
not afterwards have complained.   Prac. Act, § 541 ;  Whitewell
v. Barbier and others, January, 1857.

     But we would not be understood as expressing any opinion
as to whether such a judgment could · be collaterally impeached
or not.   That question does not arise in this case.   Here the
defendant promptly appealed from the judgment itself.

     The judgment of the County Court is reversed, and that Court
will dismiss the plaintiff's case.