[No. 2,967.]

WILLIAM LYMAN v. MARTHA ELLEN MILTON, ADMINISTRATRIX OF THE ESTATE OF DANIEL MILTON, DECEASED, MARTHA ELLEN MILTON, AND IDA DAY MILTON.

SUMMONS MUST NAME DEFENDANTS.—A summons must state the names of all the parties to the action. Where there are several parties defendant, it is not sufficient to give the name of one in the summons, followed by the words et al.

WHAT SUMMONS MUST STATE.—The provisions in the twenty-fourth section of the Practice Act, as to what the summons shall state, are not merely directory, but are mandatory.

APPEARANCE FOR SPECIAL PURPOSE. — A defendant has a right to appear for the special purpose of moving to dismiss a defective summons, and if the Court denies the motion, a general appearance afterwards and an answer do not waive the right or cure the error.

AMENDMENT OF SUMMONS. — The question of the right to amend a summons by inserting the names of defendants after motion to dismiss, spoken of.

APPEAL from the District Court of the Fifth Judicial District, Stanislaus County.

The defendants appealed.

The other facts are stated in the opinion.

*J. H. Budd,* and *Schell & Hewell,* for Appellants, cited *Deidesheimer* v. *Brown,* 8 Cal. 339; *Whitwell* v. *Barbier,* 7 Cal. 54; and *Gray* v. *Hawes,* 8 Cal. 569.

*Hall & Montgomery,* for Respondent.

The provision of the Practice Act, section twenty-nine, subdivision third, was very justly criticised by this Court in *Gray* v. *Palmer,* 9 Cal. 638, where it is said that "there may seem to be no good reason for requiring personal service upon a minor under the age of fourteen;" and in consideration of the utter absence of any practical benefit resulting from it, we may reasonably claim, that the jurisdiction of chancery over the minor's person should be supported by every presumption in favor of the regularity and sufficiency of its proceedings in that behalf, whenever the entire record, as here, shows that no possible injury has been sustained.

It cannot be a substantial ground of complaint that the Court refused to permit an appearance by the guardian "for the purpose only of moving to quash the summons," inasmuch as the party was not deprived of the benefit of that motion—for the motion was presented, heard, and passed upon, notwithstanding the order.

The summons and complaint unitedly, after service, confer jurisdiction (Practice Act, Section 35), and for that reason and for the further reason that the summons refers in terms to the complaint in the case at bar, the Court will consider them together in determining the sufficiency of the former. The complaint must be "served with the summons" (Pr. Act, Sec. 28), and hence it is treated as auxiliary to the latter. (*Calderwood* v. *Brooks*, 28 Cal. 151; *King* v. *Blood*, 41 Cal. 314; *Yates* v. *Blodgett*, 8 How. Pr. Rep. 278.)

The cases in 7 Cal. 54, and 8 Cal. 339, were of defects in the summons that, from their nature, were incurable by the complaint; and in *Gray* v. *Hawes*, 8 Cal. 569, there had been no service at all.

By the Court, BELCHER, J.:

The plaintiff seeks by this action to enforce the execution of a resulting trust.

The complaint names as defendants, Martha Ellen Milton, administratrix of the estate of Daniel Milton, deceased, Martha Ellen Milton, and Ida May Milton. It alleges the death of Daniel Milton, leaving him surviving as his only heirs at law his widow, Martha Ellen Milton, and his daughter, Ida May Milton, an infant of about the age of three years, and that Martha Ellen Milton had been duly appointed the administratrix of his estate.

Upon the complaint a summons was issued, entitled: "W. *Lyman, plaintiff*, v. *M. E. Milton* (*administratrix, etc.*), *et al.*, *defendants*." It was addressed to "M. E. Milton, administratrix et al., defendants," the name of Ida May Milton nowhere appearing in it. This summons was served upon both defendants, and afterwards, upon application of the plaintiff, the adult defendant was appointed the guardian *ad litem* of the infant defendant. The said Martha Ellen ac-

cepted the trust of guardian *ad litem*, and, thereupon, before filing answer, or otherwise appearing, appeared in Court by counsel, stating to the Court that she appeared on behalf of said infant for the purpose only of moving to quash the summons. The Court refused to permit such an appearance, and refused to recognize counsel, or hear anything they might have to say on behalf of the infant, unless they entered an unqualified appearance for the general purpose of defense. Having duly entered an exception to this ruling, counsel then, in obedience thereto, stated without qualification that they appeared on behalf of all the defendants. Thereupon they submitted a written motion on the part of the said infant and her guardian, that the summons be quashed on the ground, among others, that the same is radically defective in not stating the parties to the action. The Court overruled this motion, and the defendants excepted.

Afterwards, upon answers filed in behalf of each defendant, the case was tried by the Court and judgment entered in favor of the plaintiff.

The statute (Practice Act, Sec. 24) provides that "the summons shall state the parties to the action, the Court in which it is brought, the county in which the complaint is filed, the cause and general nature of the action, and require the defendant to appear and answer the complaint within the time mentioned in the next section after the service of the summons, exclusive of the day of service, or that judgment by default will be taken against him according to the prayer of the complaint, briefly stating the sum of money or other relief demanded in the complaint."

It is manifest that the summons in this case did not state the parties to the action. M. E. Milton, in her representative capacity of administratrix, was but one of three parties defendant. The words " et al.," in the connection in which they are used, are of no significance. They indicate, at

most, that there are still other parties who are not named. Without them, so far as a compliance with the statute is concerned, the summons would have been as complete as with them.

Is a summons, in which one defendant only is named, when in fact there are several defendants to the action, a good summons to the defendants not named in it? Must one who is served with a summons to which he does not appear to be a party take notice at his peril that he is really a party to the action? To hold so we must hold that the section of the statute referred to is only directory in its requirements. But if it be directory and not mandatory, why may the summons not omit to state the Court in which the action is brought, or the county in which the complaint is filed, or the cause and general nature of the action, or the time within which the defendant is required to appear, or the amount of money or other relief demanded in the complaint, or all of them together, and still be held good? All of these things are stated in the complaint, except the time within which the defendant must appear, and that is a matter regulated by law, which every one is presumed to know. If notice only is required, the party has that when he sees a copy of the complaint and himself named in it as a defendant. And yet no one would contend that a summons which omitted to state the several matters required by the statute could be held good.

The summons is the process by which parties defendant are brought into Court, so as to give the Court jurisdiction of their persons. Its form is prescribed by law; and whatever the form may be it must be observed, at least substantially. It may be that a summons under our system is required to state more than is necessary for the information of the defendant; that a copy of the complaint served by the Sheriff or the attorney would have been all that is needful. If that be so it is a matter for the Legislature and not

Points decided.

for the Courts. We entertain no doubt that a summons must contain all that is required by the statute, whether deemed needful or not, and, among other things, must state the parties to the action.

It may be that when the defendant moved to quash the summons for insufficiency the Court might have entertained a counter motion to have it amended by inserting the omitted names of the defendants, and, on its being so amended, might have denied the original motion.

In *Polack* v. *Hunt*, 2 Cal. 193, it was held that the Court had power to amend the summons so as to make it conform to the law, when it operated no hardship or surprise to the defendants. No such counter motion, however, was made in this case, and we cannot pass upon that question.

A defendant has a right to appear for the purpose of moving to dismiss a defective summons, and it is error in the Court to refuse him that privilege. Nor does the fact that he afterwards appears and answers waive his right or cure the error. (*Deidesheimer* v. *Brown*, 8 Cal. 339; *Gray* v. *Hawes*, id. 5(.9.)

For the error named the judgment must be reversed and cause remanded for further proceedings, and it is so ordered.