[No. 4397.]

RICHARD KENT v. CHARLES H. WEST.

SERVICE OF SUMMONS IN UNLAWFUL DETAINER.—Before the amendments to
the Code of Civil Procedure, which went into effect July 1, 1874, the
summons, in an action of unlawful detainer, was required to be served
within the time directed by the order of the judge indorsed on the sum-
mons.

MOTION TO SET ASIDE SUMMONS.—A defendant may move to set aside the re-
turn of service of a summons, and, if it is denied, may answer without
waiving the benefit of an exception to the order denying his motion.

APPEAL from the County Court, City and County of San
Francisco.

The defendant, after his motion to set aside the return of
summons was denied, answered the complaint, and a trial
was had. The plaintiff recovered judgment, and the defend-
ant appealed.

The other facts are stated in the opinion.

*William A. Cornwall,* for the Appellant.

*George W. Tyler,* for the Respondent.

By the Court, WALLACE, C. J.:

The action is unlawful detainer, and was determined in the County Court of the City and County of San Francisco, under the provisions of Chap. 4 of the Code of Civil Procedure, before the amendments of July, 1874.

The defendant, upon entering his appearance to the action and before pleading thereto, moved the court to set aside the service of the summons, because such service had not been made upon him in conformity with the order of the judge of the County Court. The motion was denied, and the defendant reserved an exception to the action of the court in that respect.

The complaint was presented to the judge on the 1st day of June, 1874, who indorsed thereon an order that the defendant appear on the 13th day of June thereafter, and directing that the summons be served upon the defendant "on or before the 9th day of June, 1874." The summons subsequently issued in the action and served on the defendant, recited (among other matters required by section 1167), the order of the judge directing that the summons be served "on or before the 9th day of June, 1874." The service upon the defendant was not made, however, until the *tenth* day of June, 1874, as appeared by the return of the officers who made the service. It is clear that the service was not made in conformity to the order of the judge, and was, therefore, an irregular and unauthorized service of process.

The motion of the defendant, made before he had pleaded to the action, to set aside the service as being irregular, should have been sustained. (*Lyman* v. *Milton*, 44 Cal. 630.)

Judgment reversed and cause remanded, with directions to set aside the service of the summons.