[S. F. No. 484.    In Bank.—March 3, 1898.]

## H. H. BANCROFT, Appellant, v. SAN FRANCISCO TOOL COMPANY, Respondent.

CONTRACT TO ERECT ELEVATOR— CONSTRUCTION OF WARRANTY — FIRST CLASS WORKMANSHIP.—An express warranty in a contract for the erection of an elevator, which included full specifications as to the manner of the erection, and as to the material to be used, by the terms of which the work mentioned in the contract was to be furnished "in a first-class, workmanlike manner," refers only to the work in the erection of the elevator under the specifications made in the contract, and cannot, by any reasonable construction, be held to warrant that the plan or design of the elevator, or the specifications made in the contract, were first class, or that the elevator was suitable for the purposes intended.

ID.—INSUFFICIENT SIZE OF DRUM SPECIFIED.—The fact that the size of the drum specified in the contract proved to be insufficient, and that damage resulted therefrom, is immaterial, as respects an express warranty merely to furnish the work mentioned in the contract in a first class workmanlike manner.

ID.—IMPLIED WARRANTY AS TO FITNESS—SPECIFICATIONS IN CONTRACT—CONSTRUCTION OF CODE—ASSUMPTION OF RISK BY PURCHASER.—Section 1770 of the Civil Code, providing that "one who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose," does not apply where the manufactured article is furnished under a contract demanding that it be made according to specifications, and the contract is literally performed; but, in such case, the purchaser selects the article, and obtains what he orders, and, in the absence of an express warranty, assumes the risk following the purchase.

APPEAL from an order of the Superior Court of the City and County of San Francisco, denying a new trial.   Charles W. Slack, Judge.

The facts are stated in the opinion of the court.

Galpin & Ziegler, for Appellant.

Edward J. Pringle, for Respondent.

GAROUTTE, J.—Plaintiff brings this action to recover damages arising from a defective elevator furnished him by defendant.   He was nonsuited, and now appeals from an order denying his motion for a new trial.   It is claimed on his part that the contract under which the elevator was sold and delivered was a written contract.   This contention is denied, but, owing to the views we entertain upon other questions involved in the litigation, we leave the issue open, a decision of it not being necessary to the final disposition of the case.

The elevator furnished plaintiff by defendant was not suitable for the purpose for which it was to be used, in this, that the drum thereof over which the cables passed was but fifteen inches in diameter, when it should have been at least thirty inches.   The evidence discloses that by reason of the smallness of this drum the elevator fell, many persons were injured, and great damage was entailed upon plaintiff thereby.

Plaintiff's cause of action is based upon a claim of breach of warranty by defendant, and this claim takes a double aspect: 1. An express warranty in the contract that the elevator was suitable for the purposes for which it was furnished; and 2. An implied warranty given by section 1770 of the Civil Code, wherein it is provided: "One who manufactures an article, under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose."   If it be determined that no express warranty of the suitableness of this machine is found in the contract, then we are brought to a consideration of the implied warranty declared in certain cases to exist by the foregoing section of the code.

We pass to an examination of the contract.   Plaintiff desired three elevators for a new building he was then erecting, and

defendant, being engaged in the manufacture of elevators, made a proposition to him in writing to this effect:

"A. L. Bancroft & Co., City: We will furnish three hydraulic elevators as follows, and as per plan submitted with this specification." Complete specifications in detail as. to the manner of erecting the elevators, and the material to be used therein, accompanied the proposition; also a plan of the elevators was attached thereto. The proposition also stated: "We will furnish the work heretofore mentioned in a first-class, workmanlike manner, for the sum of five thousand (5,000) dollars, guaranteeing these elevators for one year; that is to say, we will keep them in first-class order for one year free of charge to you." A change in the manner and time of payment of the contract price was agreed upon, the proposition thereupon accepted, and thereafter in due course the elevators were furnished to plaintiff and the purchase price paid. The passenger elevator (two being freight elevators) was the one having a fifteen-inch drum, and the falling of which caused the damage forming the basis of this action. The plan of the passenger elevator showed the drum to be fifteen inches in diameter. Hence, it is apparent that the defect in the elevator was a defect in the plan or design, and not a defect in construction. In other words the drum agreed to be furnished by defendant was furnished, but it was not suitable for the purpose to which it was to be applied.

If the contract between the parties contains an express warranty as to a suitable machine, it is found in the language: "We will furnish the work heretofore mentioned in a first-class, workmanlike manner." Most certainly this clause cannot be construed as an agreement to furnish a thirty-inch drum, for the contract calls for a fifteen-inch drum. But by proper construction it is here demanded that the labor placed upon these elevators shall be first-class. If the warranty goes beyond the quality of the labor to be furnished in the performance of the contract, it at most does not go beyond the quality of material to be used in such performance. As, for example, the contract calls for thirteen hundred feet of five-eighths inch wire rope. If thirteen hundred feet of first-class five-eighths inch wire rope was furnished and properly placed upon the machine, it could not be

successfully contended for a moment that a breach of warranty was created under this warranty clause, if the rope subsequently proved too small to do the work. Yet plaintiff's contention seems to lead to such results. If this language of the contract is an express warranty of the suitableness of the machine for the purposes intended, then it is an express warranty of suitableness for every piece and parcel thereof, notwithstanding we find in the contract specifications declaring exactly and minutely what these various pieces and parcels shall be. The specifications and plan of this elevator are made part of the contract. A compliance with those specifications and the plan is therefore demanded by the terms of the contract. The fact that the size of the drum is disclosed by the plan only is wholly immaterial; for the plan, as a factor in the contract, is as binding as any other portion of it. If the contract in words italicized had called for a drum for the elevator of fifteen inches in diameter, plaintiff's contention necessarily would still be that by this express warranty the drum was suitable for the purpose intended. In the construction of this language we are not justified in going to such lengths. When the defendant said, "We will furnish the work heretofore mentioned in a first-class, workmanlike manner," even if it be conceded that the word "work," as here used, refers to the elevator, still there is no warranty of fitness of the elevator. If the phrase "the work" means "the elevator," then reference is made to the particular elevator called for by the plans and specifications, and the warranty could only be that the elevator, according to these plans and specifications, will be finished in a first-class, workmanlike manner. If the warranty had been to furnish *an elevator* in a first-class, workmanlike manner, and not the particular elevator described in the contract, then there would be some ground for appellant's position as to the construction of this covenant. First-class material and first-class work may be furnished and expended upon a defective plan or design. Here the plan was agreed upon, however defective, and it was upon this plan that the work and material were to be furnished in a first-class, workmanlike manner. By no reasonable construction can it be held that the plan or design was warranted to be first-class.

There is no implied warranty created by section 1770 of the Civil Code as to the fitness of this elevator. We again quote it:

"One who manufactures an article, under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose." This section is but the restatement of an elementary principle of law, and does not apply where the manufactured article is furnished under a contract demanding that it be made according to specific plans and specifications. For under such circumstances the purchaser selects the article and gets exactly what he orders; and in the absence of an express warranty assumes the risk following such purchase. There is no principle of law casting liability upon the manufacturer in the absence of express agreement, where he performs the contract to the letter, as was done in this case. 1 Parsons on Contracts, *586, declares the rule as follows: "If a thing be ordered of the manufacturer for a special purpose, and it be supplied and sold for that purpose, there is an implied warranty that it is fit for that purpose. This principle has been carried very far. It must, however, be limited to cases where a thing is ordered for a special purpose, and not applied to those where a special thing is ordered, although this be intended for a special purpose. For, if the thing is itself specifically selected and ordered, there the purchaser takes upon himself the risk of its effecting its purpose." This text is supported by an abundance of judicial precedent.

In this case a certain particular kind of elevator was ordered. The matter stands exactly as though this particular kind of elevator was a patented article, well known and described as the "O. K. elevator." If the plaintiff had ordered an O. K. elevator, and defendant had delivered it, no implied warranty of fitness would attach to the delivery. This is the case of *Ollivant v. Bayley,* 5 Q. B. 288, where the principle is substantially declared as follows: The plaintiff was the patentee and manufacturer of a patent machine for printing in two colors. The defendant saw the machine on the plaintiff's premises and ordered one, the plaintiff undertaking by a written memorandum to make him "a two-color printing machine on my patent principle." In an action for the price the defendant excused himself from liability on the ground that the machine had been found useless for printing in two colors. The judge, in summing up, told the jury that, if the machine described was a known ascertained article ordered by the defendant, he was liable whether it answered his purpose or not;

but that if it was not a known, ascertained article, and the defendant had merely ordered, and the plaintiff agreed to supply, a machine for printing two colors, the defendant was not liable unless the instrument was reasonably fit for the purpose. (See, also, *Chanter v. Hopkins*, 4 Mees. & W. 399.) This matter of implied warranty is exhaustively discussed in *Rice v. Forsyth,* 41 Md. 389, and upon a review of the cases the rule is there declared: "Where a known, described, and defined article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still, if the known and described and defined thing be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer." (See, also, *Walker v. Pue*, 57 Md. 155; *Rasin Co. v. Conley*, 58 Md. 59; *Mason v. Chappell*, 15 Gratt. 572.)

If the plaintiff had desired a cable for this elevator made of Manilla rope, he had the right to contract for that character of cable, and this defendant clearly had the right to furnish it without any implied warranty of fitness. Plaintiff had the right to order an elevator of his own choosing, whatever vagaries may have been working in his mind when the order was given, and under such circumstances the law would attach no liability to defendant for furnishing the article ordered. *Cunningham v. Hall*, 4 Allen, 274, is a case directly in point. It is there declared: "But if a purchaser or a person who orders an article of a manufacturer judges solely for himself, and elects in what manner or of what materials it shall be made, there can be no such implication. If the thing ordered is afterward to be manufactured, and he directs or assents that it shall be made in a certain form, shape or style, or upon a designated pattern, and it is made in conformity to such direction or assent, the manufacturer will not be responsible for any injurious consequences if it wholly fails to subserve the purpose for which it was designated, for his judgment and skill were not in such case relied upon by the other party." Some of the cases we have cited raise the question of implied warranty when a particular article for fertilizing has been ordered and entirely fails in fitness for the purpose intended. There, as here, the vendee got exactly what he ordered, and no implied warranty attached. The case would have been the same, as to the law, if the farmer had ordered of the factory a fertilizer made by

the admixture of various named compositions in certain specified proportions. And upon such a state of facts we have in principle the identical case at bar. It is not for this court to say but that plaintiff would have refused to enter into this contract unless the drum of the elevator was specified therein to be made fifteen inches in diameter. As far as this court knows, plaintiff may have insisted upon the insertion of such specifications in the contract. He certainly would have had the right to have declined to accept the elevator if the drum had been made thirty inches in diameter.

As to defendant's agreement to keep the elevator in first-class order for one year free of charge to plaintiff, the evidence fails to disclose a breach of such agreement. The burden was upon the plaintiff to establish a breach, and whatever evidence we find in the record discloses that the year term covered therein had expired prior to the accident forming the basis of the present action.

For the foregoing reasons the order appealed from is affirmed.

Harrison, J., Van Fleet, J., McFarland, J., Temple, J., and Henshaw, J., concurred.