THE DURBROW & HEARNE MANUFACTURING COMPANY, Appellant, *v.*
MARI A. CUMING, Respondent.

*Executory contract for the sale and manufacture of goods — acceptance presumed from the retention of the goods by the vendee — implied warranty that the goods are free from latent defects.*

In an action brought to recover under an executory contract for the sale of 100 sewing machines to be manufactured in accordance with a certain model, the vendee set up an affirmative defense that the machines would not do the work, and that it became necessary to make repairs upon them to the extent of $175, which he set up as a counterclaim.

Upon the trial of the action it appeared that the machines were manufactured and delivered, and that although they were manufactured in accordance with the

model, they would not do the work required, and that the vendee, instead of returning the machines or giving notice to the vendor to take them, retained them in his possession.

*Held*, that, in the absence of evidence of any latent defect, the vendee, having failed to return the machines or to give notice to the vendor to take them, must be assumed to have accepted them, and that a verdict should have been directed in favor of the plaintiff.

*Semble*, that in the case of an executory contract for the manufacture and sale of goods of a particular description, there is an implied warranty that they are free from any latent defect growing out of the process of manufacture, and that this is the sole warranty that attaches to such a contract.

APPEAL by the plaintiff, The Durbrow & Hearne Manufacturing Company, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 22d day of June, 1897, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of June, 1897, denying the plaintiff's motion for a new trial made upon the minutes.

*Charles J. Hardy*, for the appellant.

*E. T. Lovatt*, for the respondent.

VAN BRUNT, P. J.:

The plaintiff is the assignee of the firm of Durbrow & Hearne, which firm had made a contract with the defendant to construct one hundred machines for sewing in sweatbands, fifty to be used in sewing bands in straw hats and fifty in other hats. The defendant admits that he entered into the agreement, but sets up an affirmative defense that the machines would not do the work, and that it became necessary to make repairs upon them to the extent of $175, which he counterclaimed, and asked to have deducted from any recovery the plaintiff might have.

Upon the trial it appeared that the said firm was first employed to make a model machine, which they did, and that the defendant then made the contract which is the subject-matter of this action, for the manufacture of 100 machines. The machines were manufactured and delivered, and, as testified to by the defendant, were in accordance with the model; but it was found upon the receipt of the

machines that they would not do the work required of them, and the defendant endeavored to make such improvements in the machines as would enable them to do the work, in which respect he does not seem to have succeeded.

Upon this state of facts, at the close of the evidence the plaintiff moved for the direction of a verdict upon the ground that this was an executory contract for the manufacture of goods; that there was no evidence of any latent defect, and that the defendant had kept the machines. This motion was denied, and the case was submitted to the jury upon the issue as to whether there was a latent or hidden defect in the machines which rendered them unmerchantable.

It is sought by the counsel for the respondent to sustain this ruling because of the concession of the appellant's counsel contained in the record, that there was a warranty in respect to these goods. But it is apparent upon a consideration of the record that all that was admitted was that there was an implied warranty against hidden or latent defects which could not be discovered upon inspection, and which arose from fault of manufacture.

The rule is well established that in cases of executory contracts for the manufacture and sale of goods of a particular description there is an implied warranty that they are free from any latent defect growing out of the process of manufacture, and that this is the sole warranty that attaches to such a contract. But where there are defects in the goods which could be discovered upon inspection and the vendee neither returns nor offers to return the property nor gives to the vendor notice or opportunity to take it back, in the absence of a collateral warranty or agreement as to quality, he is conclusively presumed to have acquiesced, and may not thereafter complain of inferior quality. (*Studer* v. *Bleistein,* 115 N. Y. 316; *Coplay Iron Co.* v. *Pope,* 108 id. 232.)

Applying these rules to the case at bar it is clear that the motion to direct a verdict was improperly denied. There was no evidence of any latent defect. It is true that upon the receipt of the machines the defendant found that they were unable to do the work. But the evidence is explicit that they were constructed according to the model, and whatever defects there were in the machines were easily discoverable and were not latent. It was the duty of the defendant to return the machines or to give notice to the plaintiff to take them

back because they did not comply with the contract, and having failed to do so, he acquiesced in their acceptance.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to appellant to abide event.

RUMSEY, INGRAHAM and McLAUGHLIN, JJ., concurred.

Judgment and order reversed, new trial ordered, costs to appellant to abide event.