DURBROW & HEARNE MFG. CO. v. CUMING.

(Supreme Court, Appellate Division, First Department. December 9, 1898.)

1. EXECUTORY CONTRACT FOR MANUFACTURE OF GOODS.

An agreement to make a certain number of machines according to a model submitted by the manufacturer is an executory contract for the manufacture of goods.

2. SAME—ESTOPPEL TO COMPLAIN OF DEFECTS.
    Where machines were made and delivered under an executory contract for their manufacture according to a particular model, and there were no latent defects therein, and they were not returned and no notice given to the seller to take them back, the buyer is estopped to complain that they did not comply with the contract.

Appeal from trial term, New York county.

Action by Durbrow & Hearne Manufacturing Company against Mari A. Cuming. From a judgment for defendant and from an order denying a new trial, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, McLAUGHLIN, and INGRAHAM, JJ.

C. J. Hardy, for appellant.
E. T. Lovatt, for respondent.

VAN BRUNT, P. J.    The plaintiff is the assignee of the firm of Durbrow & Hearne, which firm had made a contract with the defendant to construct 100 machines for sewing in sweat bands, 50 to be used in sewing bands in straw hats and 50 in other hats. The defendant admits that he entered into the agreement, but sets up as an affirmative defense that the machines would not do the work, and that it became necessary to make repairs upon them to the extent of $175, which he counterclaimed, and asked to have deducted from any recovery the plaintiff might have. Upon the trial it appeared that the said firm was first employed to make a model machine, which they did, and that the defendant then made the contract which is the subject-matter of this action for the manufacture of 100 machines. The machines were manufactured and delivered, and, as testified to by the defendant, were in accordance with the model; but it was found upon the receipt of the machines that they would not do the work required of them, and the defendant endeavored to make such improvements in the machines as would enable them to do the work, in which respect he does not seem to have succeeded. Upon this state of facts, at the close of the evidence, the plaintiff moved for the direction of a verdict upon the ground that this was an executory contract for the manufacture of goods; that there was no evidence of any latent defect; and that the defendant had kept the machines. This motion was denied, and the case was submitted to the jury upon the issue as to whether there was a latent or hidden defect in the machines which rendered them unmerchantable. It is sought by the counsel for the respondent to sustain this ruling because of the concession of the appellant's counsel contained in the record that there was a warranty in respect to these goods. But it is apparent, upon a consideration of the record, that all that was admitted was that there was an implied warranty against hidden or latent defects which could not be discovered upon inspection, and which arose from fault of manufacture. The rule is well established that, in cases of executory contracts for the manufacture and sale of goods of a particular description, there is an implied warranty that they are free from any latent defect growing out of the process of man-

ufacture, and that this is the sole warranty that attaches to such a contract. But where there are defects in the goods which could be discovered upon inspection, and the vendee neither returns nor offers to return the property, nor gives to the vendor notice or opportunity to take it back, in the absence of a collateral warranty or agreement as to quality, he is conclusively presumed to have acquiesced, and may not thereafter complain of inferior quality. Studer v. Bleistein, 115 N. Y. 316, 22 N. E. 243; Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. 335.

Applying these rules to the case at bar, it is clear that the motion to direct a verdict was improperly denied. There was no evidence of any latent defect. It is true that upon the receipt of the machines the defendant found that they were unable to do the work. But the evidence is explicit that they were constructed according to the model, and whatever defects there were in the machines were easily discoverable, and were not latent. It was the duty of the defendant to return the machines or to give notice to the plaintiff to take them back because they did not comply with the contract, and, having failed to do so, he acquiesced in their acceptance.

The judgment and order appealed from should be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.