(42 App. Div. 233.)

### BANK OF NORTH COLLINS v. CARY SAFE CO.

(Supreme Court, Appellate Division, Fourth Department.   June 13, 1899.)

1. SALE—BREACH OF WARRANTY—DAMAGES.

In an action to recover for breach of warranty in the construction of a safe, an instruction that, if defendant failed to make the safe in substantial compliance with the contract, it was liable for the difference between the value of the safe, as placed upon it by the agreement of parties, and what the safe was worth in the market in the condition in which it was, is erroneous.

2. SAME—EVIDENCE—PLEADING.

In an action to recover for breach of warranty in the sale of a safe, it was error to admit evidence of a rescission, and an offer to return the safe, where such fact was not set up in the pleadings.

Appeal from trial term, Erie county.

Action by the Bank of North Collins against the Cary Safe Company.   From a judgment for plaintiff, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before HARDIN, P. J., and ADAMS, McLENNAN, SPRING, and NASH, JJ.

Edward R. Bosley, for appellant.
Wallace Thayer, for respondent.

NASH, J.   In cases of executory contracts for the manufacture and sale of goods of a particular description, there is an implied warranty that they are free from any latent defect growing out of the process of manufacture or the use of inferior material.   This is the sole warranty that attaches to such contracts.   After full opportunity for examination as to quality, or as to any apparent defect, or the discovery of it if it is latent, the vendee must rescind the contract, and offer to return the property to the vendor, in which case he may recover the contract price.   This is his only remedy.   If the vendee neither returns or offers to return the property, nor gives the vendor notice or opportunity to take it back, in the absence of a collateral warranty or agreement as to quality, he is conclusively presumed to have acquiesced, and may not thereafter complain that the article is not in accordance with the contract.   Manufacturing Co. v. Cuming, 35 App. Div. 376, 54 N. Y. Supp. 818; Reed v. Randall, 29 N. Y. 358; Iron Co. v. Pope, 108 N. Y. 232, 15 N. E. 335.   If there is an express or collateral warranty, the vendee may retain the goods, if they are defective, and sue for the breach of warranty, in which case he may recover, as damages, the difference between the value of the goods if they had been as represented and their value as they actually were.

The plaintiff here alleged in the complaint that the defendant agreed to make and deliver to the plaintiff a safe, to be made in accordance with certain specifications as to the character of material to be used and method of construction, at the price of $1,200, the price of which should include a vault front, and the loan of a safe to be used by the plaintiff until the safe contracted to be made should be finished; that after the making of the agreement the defendant built a vault front for the plaintiff, and with it made and delivered

a safe, which the defendant warranted and falsely represented to the plaintiff complied with the terms of the agreement; that relying upon such warranty and representations, and believing the same to be true, the plaintiff paid to the defendant $1,200, in fulfillment of the agreement on the part of the plaintiff; that at the time the safe was received by the plaintiff it was faulty and defective, and in respect of the material used and the method of construction entirely failed to comply with the terms of the contract; that when the safe was delivered the defects were not discernible, and were not discovered by the plaintiff until after the safe was paid for; and that by reason of the premises the plaintiff was injured and misled, to its damage of $1,000. The contract provided that the safe should be delivered on cars in Buffalo.

The plaintiff, upon the trial, offered to prove that after the safe had been delivered on cars in Buffalo, and had arrived at its destination, but.had not been delivered at the bank, Mr. Cary, the president of the defendant, in a conversation with Mr. Twichell, cashier of the plaintiff, said that he would warrant the safe, which was in the hands of the railroad company, exactly like the specifications in the contract in all respects; that he would hold himself in readiness at all times to make the safe conform to the specifications. The evidence was objected to by defendant's counsel as not within the pleadings, and not within the authority of Mr. Cary, and not permissible to vary the written contract under which the safe had already been manufactured and delivered. The objection was overruled, and the defendant excepted. The court stated:

"I do not admit it for the purpose of changing the conditions of the contract. I do not want to be understood as admitting it for that purpose. The conversation between the parties, after a contract is made, is competent for what it is worth."

The evidence was thereupon received as offered, and it was controverted by proof given upon the trial by the defendant. The plaintiff gave evidence tending to show that the safe was defective, and that it did not in very material respects conform to the specifications in the material used and method of construction. The plaintiff also gave proof of an offer to return the safe, and of a demand to pay back the purchase price. This was objected to by defendant's counsel, as incompetent under the pleadings. The court stated:

"I will receive it, not for the purpose of showing rescission, or that they offered or tendered it back, for the purpose of rescission."

To this ruling the defendant excepted.

The question whether or not there was an express warranty was not submitted to the jury, nor was the measure of damages, in case there had been an express warranty, submitted to the jury. It was stated to the jury in the charge that it was claimed on the part of the plaintiff that the safe was tendered back, or offered to be returned, which was refused, and that the action was brought to recover damages which it was alleged the plaintiff had suffered in consequence of the failure of the defendant to manufacture and deliver to the plaintiff a safe in accordance with the terms of the contract; that, if the defendant omitted and failed to make a safe which substantially

complied with the terms of the contract, it was liable to the plaintiff for the damages it had suffered, which would be the difference between the value of the safe, as placed upon it by the agreement of the parties ($1,200), and what the safe was worth in the market in the condition in which it was in; and, in accordance with this rule of damages, the jury were charged that the plaintiff was entitled to recover the difference between the agreed price ($1,200) and the actual market value of the safe on the day of its delivery, or at the time of the discovery upon the part of the plaintiff that it was not in accordance with the terms of the contract.

We think the rule of damages adopted erroneous. It is not the correct rule applicable either in an action on the express warranty or for the failure to comply with the terms of the contract. It was also error to admit or submit to the jury evidence of a rescission, and an offer to return the safe, without setting up the fact in the complaint as a ground of recovery, by appropriate allegations.

Judgment and order reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.