[Civ. No. 6053.   Second Appellate District, Division One.—December 9, 1930.]

ALFRED H. THOMPSON, Respondent, v. FIFTH AND HILL BUILDING COMPANY (a Corporation), Appellant.

Ben S. Hunter and James Farraher for Appellant.

Otto & Linn, Paul J. Otto, Roy A. Linn and Roy C. Kaiser for Respondent.

HOLLZER, J., *pro tem.*—Plaintiff brought this action to recover the purchase price of a certain boiler, also certain additional equipment and for the cost of certain extra labor. Judgment was rendered against defendant in favor of plaintiff as prayed for. The defendant attacks only that portion of the judgment which held that the latter was liable for the price of said boiler.

It is admitted that the defendant gave to the plaintiff an order reading as follows:

> "Fifth and Hill Building
> "448 So. Hill Street,
> "5th & Hill Building Company, Owner,
> "Charles G. Andrews Company, Agents,
> "714–719 Pacific Mutual Building,
> "Los Angeles,
>
> "5–11–25
>
> "Thompson Boiler Works,
> "1000 N. Broadway, Los Angeles, Calif.
> "Gentlemen:
> "Please furnish and deliver one twenty-five horse power high pressure steam boiler, to be assembled in the kitchen room in the Pershing Square Building at Fifth and Hill Streets.
> "The above boiler is to be furnished complete as shown and described, i. e., boiler drum, boiler base, doors, door springs, boiler top, five flanges riveted on boiler for wash-out openings, fitted with two inch nipples and caps, Thompson vacuum gas burners, safety valve, steam gauge, steam gauge testing cock, steam gauge syphon, water gauge, cocks, gauge glass and rods, Thompson automatic gas regulator, valves and fittings, Boiler subject to 200 pound hydrostatic pressure test; for the sum of Nine Hundred-fifty dollars ($950.00) complete, less fifteen per cent. (15%).
> "Respectfully,
> "THOMAS FOSS,
> "Resident Manager."

It is also conceded that the boiler described in the above-mentioned order was delivered and installed as specified in said order, and that payment therefor has not been made.

■ In its answer the defendant pleaded as a special defense that plaintiff warranted this boiler as being of sufficient size to care for the needs of the defendant's building and that the boiler failed to meet those needs. This contention is virtually the only issue involved upon this appeal.

The trial court found that the allegations of said special defense were not proven. Our examination of the record convinces us that the lower court was warranted in making this finding.

The letter written by plaintiff to defendant a short time prior to giving of the order previously mentioned, and which appellant claims constituted an express warranty, related to a different boiler. Furthermore, the evidence clearly showed that the defendant's engineer examined a boiler similar to the one specified in its order, and it was only after such examination that said order was prepared and given to plaintiff.

■ Appellant makes the further contention that if this prior letter did not constitute an express warranty then at least there was an implied warranty to the effect that this boiler would reasonably fit a particular purpose, to wit, the needs of its building. In support of this argument defendant cites section 1770 of the Civil Code, which reads as follows: "One who manufactures an article under an order for a particular purpose, warrants by the sale that it is reasonably fit for that purpose."

There is no merit in this point. As observed in the case of *Bancroft* v. *San Francisco Tool Co.*, 120 Cal. 228 [52 Pac. 496, 498]: "This section (Civ. Code, sec. 1770) is but the restatement of an elementary principle of law, and does not apply where the manufactured article is furnished under a contract demanding that it be made according to specific plans and specifications; for under such circumstances the purchaser selects the article, and gets exactly what he orders, and, in the absence of an express warranty, assumes the risk following such purchase. . . . 1 Pars. Cont. *586, declares the rule as follows: ' . . . It (the principle of implied warranty) must, however, be limited to cases where a thing is ordered for a special purpose, and not applied to those where a special thing is ordered, although this be intended for a special purpose; for, if the thing is itself specifically selected and ordered,

there the purchaser takes upon himself the risk of its effecting its purpose.' "

This construction of the code section in question was reaffirmed in the decision of *Remsberg* v. *Hackney Mfg. Co.,* 174 Cal. 799 [164 Pac. 792, 794], wherein the Supreme Court cited with approval the case of *Bancroft* v. *San Francisco Tool Co., supra,* saying: "This doctrine is supported by a wealth of authority."

Similarly, in the action at bar, the defendant selected a special kind of boiler and obtained exactly what it ordered, and hence became liable for the purchase price thereof.

The judgment is therefore affirmed.

Conrey, P. J., and York, J., concurred.