### FORDYCE v. SEAVER.

STATUTE OF FRAUDS—MEMORANDUM OF SALE—SIGNATURE BY AGENT.—Under Kirby's Digest, § 3656, providing that "no contract for the sale of goods, wares and merchandise, for the price of thirty dollars and upwards, shall be binding, * * * unless there be some note or memorandum signed by the party to be charged," the required note or memorandum may be signed by an agent whose authority may be proved by parol.

Appeal from Jefferson Circuit Court.

ANTONIO B. GRACE, Judge.

Affirmed.

*J. M. & J. G. Taylor,* for appellants.

The appellants cannot be liable under the Statute of Frauds. Browne, Fraud, 505; 3 Reed, Stat. Fr. 1115, 249; 28 L. T. R. 232; 59 Fed. 338; 3 G. & J. 518; 2 Camp. 450, 604; 9 Geo. IV, 14; 5 B. & C. 163; 4 M. & P. 811; 7 Bing. 163; 8 Scott, 151; 2 Bing. N. C. 779; 2 Scott, 289.

*W. T. Young* and *M. Danaher,* for appellees.

J. B. Johnson as agent had authority to bind his principal

by signing the contract of sale.   92 U. S. 412; 10 Paige, Ch. 386; 13 N. Y. 587; 1 Seld. 197; 5 N. Y. 229; Benj. Sales, 236; 30 Wis. 615; 3 Hill, 72; 7 Cush. 371; 1 Reed, St. Fr. § 381; 73 N. Y. 613; 1 Reed, St. Fr. 368, 372; 38 How. Pr. 444; 24 N. Y. 57; 9 Hun, 111; Wood, St. Fr. § 425. The measure of damages was correctly stated.   2 Ark. 307; 57 Ark. 257.

HILL, C J.   This action was brought in Jefferson Circuit Court by the appellees against the appellants—a partnership—to recover damages for an alleged breach of a contract to sell 173 bales of cotton at an agreed price.   Judgment went for the plaintiffs in the circuit court, and the defendants became appellants here.   Several questions have been presented, and considered, but only one is undetermined by previous decisions of this court; and as it is chiefly relied upon, the other questions will not be discussed.

The contract relied upon was signed by an agent whose authority was proved by parol, and the question is whether such signing answers the demand of the Statute of Frauds.

The statute in question, so far as applicable, reads: "No contract for the sale of goods, wares and merchandise, for the price of $30 and upwards, shall be binding on the parties unless * * * there be some note or memorandum, signed by the party to be charged."   Kirby's Dig. § 3656.

The original statute "For the Prevention of Frauds and Perjuries" was 29 Car. II, cap. 3, and the prototype of section 3656, Kirby's Digest, was the 17th section of it.   It provided that the writing "be made and signed by the parties to be charged by such contract or their agents thereunto lawfully authorized." This act was amended by the Lord Tenterden act, 9 George IV. cap. 14, in which the words "agents thereunto lawfully authorized" do not occur.   The English courts have held that the Lord Tenterden act, wherein it was amendatory of the original act, changed the rule, and rendered signing by the party himself essential.   *Hyde* v. *Johnson,* 3 Scott, 289; *Clark* v. *Alexander,* 8 Scott, N. P. 147.   Most of the American States have adopted all or parts of these statutes, and they generally provide expressly for the writing to be signed by the party or his agent, while some, like Arkansas, have combined into compact form the terms of the original act and the Lord Tenterden act.   The reasoning

of the English courts that the Lord Tenterden amendment changed the rule do not apply to such statutes as these.

The Wisconsin act is in this respect exactly like the Arkansas statutes, and the court of that State said: "The signature of the agent in such case is deemed the signature of the principal, and is sufficient signing to take the case out of the statute." *Weiner* v. *Whipple*, 53 Wis. 298, s. c. 40 Am. Rep. 775. While there is some conflict in the decisions, both English and American, on this question, the rule as stated by the Wisconsin court is supported by the weight of authority. Browne, Statute of Frauds, § § 364, 365, 370; 1 Reed, Statute of Frauds, § § 368; 372; Wood, Statute of Frauds, 420, 429; Mechem, Agency, § 145. The rule is thus stated by Mr. Wood: "Except in those States where the statute expressly requires that authority to sign a note or memorandum for another shall be conferred by writing, as is the case in some of the States as to the note or memorandum relating to the leasing and sale of lands, the note or memorandum may be signed by an agent of the party to be charged, as well as by the party himself, and such agency as in other cases may be proved by parol, and may be shown by the same class of evidence necessary to establish agency in other cases, that is, by proof of express authority or subsequent ratification." Wood, Statute of Frauds, § 425.

The court is of opinion that the memorandum required by this section (relating to sales of goods, etc.,) may be signed by a duly authorized agent of the party to be charged.

The judgment is affirmed.