LA CROSSE PLOW COMPANY, Respondent, vs. HELGESON, Appellant.

*February 28—March 20, 1906.*

*Sale of articles known to the trade: Implied warranty: Express warranty: Evidence.*

1. Where one contracts for a known specified and described article—as a Northwestern cream separator—which is a known article of manufacture in the trade, and receives that article, there is no implied warranty of fitness for any purpose, and, if the purchaser obtains no express warranty, he assumes the risk of fitness.
2. Where an express warranty of workmanship and material is given, it excludes an implied warranty of fitness, and hence testimony offered tending to show unfitness is properly rejected.

APPEAL from a judgment of the circuit court for Vernon county: J. J. FRUIT, Circuit Judge. *Affirmed.*

For the appellant there was a brief by *C. J. Smith* and *C. W. Graves,* and oral argument by *Mr. Graves.*

For the respondent there was a brief by *McConnell & Schweizer,* and oral argument by *Mr. Schweizer.*

WINSLOW, J.　This is an action to recover the purchase price of ten cream separators sold and delivered by the plaintiff corporation to the defendant under a written contract which warranted them to be of good material and workmanship, and further provided that:

"No implement returned under warranty will be credited in account, but will be made good and returned or other implement sent in its place as you [the purchaser] may select."

The separators so contracted for and delivered were not manufactured by the plaintiff, but by another manufacturing firm, and were called "Northwestern Cream Separator." The defendant admitted the sale and delivery, and pleaded by way of counterclaim that the separators were warranted to be fit and proper machines for separating cream from milk, and that they were not fit and proper for that purpose and would not perform the work they were warranted to do, and that the defendant was damaged thereby to an amount exceeding the purchase price. At the close of the evidence a verdict for the plaintiff for the purchase price of the machines was directed, and the defendant appeals.

It seems to us very clear that the verdict was rightly directed, for at least two reasons.

1. The cream separators ordered and sold were the "Northwestern Cream Separators," which were known articles of manufacture in the trade. The defendant received exactly the articles which he contracted for. The rule is that when a person contracts for a known specified and described article, and receives that article, there is no implied warranty of fitness for any purpose. If the purchaser obtains no express warranty, he assumes the risk of fitness. *Milwaukee B. Co. v. Duncan,* 87 Wis. 120, 58 N. W. 232.

2. There was an express warranty of workmanship and material given, and this excludes an implied warranty of fitness, so the testimony which was offered tending to show that certain of the machines did not satisfactorily separate cream

from milk was properly rejected. *J. I. Case P. Works v. Niles & Scott Co.* 90 Wis. 590, 63 N. W. 1013.

*By the Court.*—Judgment affirmed.