# MINNESOTA TRADING COMPANY v. PENN OIL & SUPPLY COMPANY.[1]

June 18, 1909.

Nos. 16,187—(178).

**Written Contract — Parol Evidence.**

Defendant agreed in writing to buy from plaintiff lamps and attachments described therein at stated prices, in consideration of which defendant was given exclusive selling rights in a named territory. Plaintiff, having delivered lamps in accordance therewith, sought to recover a balance due. Defendant offered to show by parol that the writing did not express the true and full agreement of the parties. It is *held* that the agreement was complete and entire, and that such evidence was properly excluded.

[1] Reported in 121 N. W. 907.

Action in the district court for Hennepin county to recover $607.97 for merchandise sold to defendant. The answer for a counterclaim alleged that plaintiff's assignor exhibited to defendant a lamp with a Fellboelin burner and entered into a contract by which it was to furnish defendant lamps with Fellboelin burners and none other; that defendant equipped its agents and they procured orders for lamps with that burner and none other; that without its knowledge or consent the plaintiff's assignor shipped to defendant's customers who had ordered the Fellboelin burner another and different lamp which defendant was obliged to take back, all of the agreed price of $318.64. It also asked $1,000 damages. The case was tried before Dickinson, J., who directed a verdict for plaintiff in the sum of $650.53. From an order denying defendant's motion for a new trial, it appealed. Affirmed.

*James A. Kellogg,* for appellant.
*Edson S. Gaylord* and *W. A. McDowell,* for respondent.

JAGGARD, J.

Plaintiff, as an assignee, brought this action to recover a money judgment for an unpaid balance for goods, wares, and merchandise sold by plaintiff's assignor to defendant for an agreed price. The evidence included a contract, signed by the defendant, setting forth that, in consideration of the purchase of lamps "as indicated on the circular attached hereto and made part hereof," the plaintiff's assignor conferred on the defendant exclusive right to sell lamps and supplies in a named territory, for which defendant agreed to pay prices therein specified. The circular attached named a "new practicus incandescent kerosene lamp." Upon it was reproduced a number of pictures of the lamp, including its burner. The substance of the controversy appeared when, on trial, defendant sought to show that this was not the entire contract, but merely an agreement for exclusive rights granted to defendant to sell in territory named; that the patent burner exhibited to defendant by plaintiff's assignor was not the "Practicus burner," but another similar burner, known as "Fellboelin burner;" that plaintiff's assignor shipped to customers of defendant the latter burner for a period, and without notice to

him plaintiff's assignor afterwards shipped the "Practicus burner," which defendant's customers refused to accept, to defendant's damage in a named sum.

Was Exhibit B an entire and complete contract? If it was, the offer to prove the facts stated which were set up in the answer constituted an attempt to vary the terms of a written contract by parol evidence. If on proper construction the written contract was, as defendant contends, a mere agreement for exclusive territory granted defendant, the court was in error in excluding defendant's evidence on this point. An examination of that contract has satisfied us that it was an entire and complete agreement. This was not a sale by sample. Cf. Day v. Raguet, 14 Minn. 203 (273); Wiener v. Whipple, 53 Wis. 298, 10 N. W. 433, 40 Am. 775. The contract was a full and explicit agreement to buy and pay the prices named for the practicus lamp and supplies, and a grant in consideration thereof described exclusive selling rights. The parties were named, and the articles and prices specified. No evidence of extrinsic facts or circumstances was needed to apply the contract to its subject-matter, or to make possible a more perfect understanding of its language. The contract was express and unambiguous in its provisions. There was no occasion or justification for the introduction of parol testimony as to what took place before its execution, or as to defendant's understanding of the agreement. Within the familiar rule on the subject, the court properly excluded the offer of parol testimony.

Defendant has also assigned as error that there is no evidence that the cause of action was assigned by the copartnership with which defendant's transactions were had to this plaintiff, a corporation. This assignment was not, however, discussed in appellant's written brief. Moreover, in view of the testimony of one of plaintiff's officers as to the ownership of the cause of action, the assignment is without merit.

Affirmed.