La Crosse Plow Company, Appellant, vs. Brooks and another, Respondents.

*April 8—April 26, 1910.*

*Sales: Implied warranty of fitness: Verdict.*

1. In an action for the sale price of an article, if the defendant counterclaims for a total breach of warranty of fitness, pleading tender back of the article, and on the trial wholly defeats plaintiff's claim, it is irregular for the jury to pass upon the title to such article, and a finding in that regard should be treated as surplusage.
2. If a person orders of another a known and described article and obtains it, he takes the same without implied warranty that it will prove suitable for the use designed, or his use.
3. If in addition to circumstances in the last foregoing proposition the purchaser, upon ordering the article, states to the dealer the purposes for which he desires the article, that does not change the rule that upon stating the exact subject of his purchase he takes without implied warranty of suitableness for the particular purpose.

[Syllabus by Marshall, J.]

Appeal from a judgment of the circuit court for Winnebago county: Geo. W. Burnell, Circuit Judge. *Reversed.*

Action to recover a balance due for farm machinery of

various kinds sold and delivered by plaintiff to defendants. The amount claimed was $367.14, with interest. Defendants counterclaimed for breach of express warranty respecting a gang plow which was one of the implements charged in the account. · The claim was that the plow was bought on the faith of specific assurance of its fitness for the work for which it was designed and purchased; that upon trial it failed to satisfy the guaranty and proved useless for the purpose it was purchased; that thereupon defendants offered to return the same, but plaintiff refused to receive it.

As the case was submitted there is no question but that plaintiff was entitled to recover according to the prayer of the complaint, unless it was liable for a reduction because of warranty as to the plow.

The evidence in respect to the plow was, substantially, this: Plaintiff was a manufacturer, among other farm implements, of a gang plow of such combination character, that by some changes, readily made, it could be changed from a breaking to an ordinary plow, or from the latter to the former. Plaintiff had dealt with the defendants for quite a period of time, though there was no contract existing between the parties when the particular transaction occurred. Defendants knew plaintiff was the manufacturer of a combined gang plow, which was scheduled in its advertising literature with which defendants were familiar. They had been accustomed to serve plaintiff as sales agents under contracts which expressly, or by necessary inference, or both, negatived liability as warrantor of any of their machinery, except as to breakage from unsuitable material or workmanship. Although the season contract expired before the plow in question was ordered, defendants knew it was the custom of trade on plaintiff's part not to accompany sales of goods with warranty, except as indicated. Before the particular transaction they had been importuned by plaintiff's agents to sell some of its gang plows. Defendants ordered one for one of their customers. Such

customer informed the defendants what he desired, and it was agreed that they should obtain for him one of plaintiff's make of gang plows of the size and character suggested.    Pursuant thereto defendants ordered the plow, intending to obtain one of such character of plaintiff's manufacture.    The order was by letter in this form:

"Omro, Wisconsin, Oct. 28, 1907.
*"La Crosse Plow Company,* La Crosse, Wis.

"GENTLEMEN: We have a customer that wants a foot-lift gang plow with two bottoms, one for stubble and the other for prairie breaker.    He has a large tract of land in North Dakota, and 180 acres here, and wants to use it here this fall and ship it to North Dakota in the spring.    14-inch with one extra share each for the stubble bottom and two extra shares for the sod bottom.    Please send this as soon as possible and give us the best terms possible.

"Yours truly,
"GEORGE W. BROOKS & SON."

The plow was forwarded and in due course delivered to the customer.    There was evidence tending to show that it was not suitable for breaking sod land; that not being adaptable therefor as well as for ordinary plowing, it was useless to the customer; that it was accordingly returned to defendants and they offered to return it to plaintiff, claiming credit for the amount charged therefor.    There was no evidence to sustain the claim that the plow was sold with express warranty, but the court held, under the circumstances, that there was an implied warranty that the implement was reasonably suitable for the work for which it was purchased, and submitted the cause to the jury to pass upon the question of whether there was a breach of such warranty and, if so, to assess damages for the breach.    The jury found in defendants' favor, assessing their damages at the full sale value of the plow and its accessories, and adding to the finding "and the plow to be subject to the order of the plaintiff."

Plaintiff claimed judgment on the undisputed evidence for

the full amount of its demand, but the court, on motion, granted judgment for such amount less the charge for the plow and its accessories, and in the judgment established the status of the title thereto in plaintiff.

For the appellant there was a brief by *McConnell & Schweizer,* and oral argument by *C. H. Schweizer.*

*Wilbur E. Hurlbut,* for the respondents.

MARSHALL, J.  The judgment in this case is rather novel. We speak of it in passing, so it may not be taken as a precedent worthy of being followed.  Neither jury nor the court had anything to do with the title to the plow.  The judgment, as the trial court viewed the matter, should simply have been for the amount recoverable.  The action was not *in rem* in any sense.  It was a plain action upon contract for balance of account subject to any valid counterclaim for breach of warranty.  It were better to have kept all other matters out of the record.

The only material question upon the appeal is as to whether the court erred in holding that there was an implied warranty of fitness.  If not, manifestly, judgment should have been rendered for appellant for the full amount of its claim. Indeed, in such case, the cause should not have been submitted to the jury, at all, as it was correctly held that there was no express warranty and no defense by way of counterclaim or otherwise, unless defendants were entitled to the benefit of an implied warranty of fitness.

As indicated in the statement, the article ordered was a well-known and advertised implement of appellant's manufacture.  Respondents' customer knew that he was to get a gang plow of that kind.  Respondents engaged to obtain such a plow.  In short, respondents and their customer contracted with reference to a combination plow of appellant's manufacture, and respondents ordered and obtained it.

Now it is a familiar rule that where a known, defined, and

described article is ordered and furnished, so the customer gets precisely the particular thing contracted for, there is no implied warranty that it will answer the particular purpose of the buyer.    That is quite elementary.    *J. I. Case P. Works v. Niles & S. Co.* 90 Wis. 590, 63 N. W. 1013; *J. Thompson Mfg. Co. v. Gunderson,* 106 Wis. 449, 82 N. W. 299; *La Crosse P. Co. v. Helgeson,* 127 Wis. 622, 106 N. W. 1094; *Logeman Bros. Co. v. R. J. Preuss Co.* 131 Wis. 122, 111 N. W. 64.    There is no particular controlling significance in the use of the precise combination of words, viz.: "Where a known and defined and described article is ordered and furnished," etc., though it is so frequently used in decisions that it might be thought otherwise.    The idea is that, if a person orders an article of a particular description and appropriate name in the trade, or a particular article made by a particular manufacturer, and gets it, he takes the article without implied warranty of fitness for his use.    The Minnesota court puts it in this way:

"If an order be given for a specified article of a recognized kind or description, and the article is supplied, there is no warranty that it will answer the purpose described or supposed, although intended and expected to do so."    *Wis. R. P. B. Co. v. Hood,* 54 Minn. 543, 56 N. W. 165.

Other courts use different language to express the same idea; *i. e.* in case a purchaser obtains the particular thing ordered as known in the trade and he does not exact any express warranty, he takes it at his peril of its being adaptable to his purpose.

Now does the fact that, in this case, respondents, in ordering the plow, informed appellant of the particular use for which it was wanted, raise, by implication, a warranty that it would prove to be suitable for that particular use, notwithstanding the general rule?    The proposition stated is answered in the negative as emphatically and generally as in cases where the particular element is absent, by many de-

cisions of this and other courts. *Milwaukee B. Co. v. Duncan,* 87 Wis. 120, 58 N. W. 232; *Logeman Bros. Co. v. R. J. Preuss Co., supra; Mason v. Chappell,* 15 Grat. 572; *Whitmore v. South Boston I. Co.* 2 Allen, 52; *Seitz v. Brewers' R. M. Co.* 141 U. S. 510, 518, 12 Sup. Ct. 46.

In the first case cited the court said, quoting from a leading English case:

"Where a known, described, and defined article is ordered of a manufacturer, although it is stated to be required by the purchaser for a particular purpose, still, if the known, defined, and described thing be actually supplied, there is no warranty that it shall answer the particular purpose intended by the buyer."

This court adding: "Where the buyer in such case gets what he bargained for, there is no implied warranty." Again the court said in the second case cited:

"If a manufacturer or dealer contracts to sell a known or described thing, although he may know the purchaser intends it for a specific use, if he delivers the thing sold there is no implied warranty that it will answer or is suitable for the specific use to which the purchaser intends applying it." *Logeman Bros. Co. v. R. J. Preuss Co.* 131 Wis. 122, 128, 111 N. W. 64, 67.

Similar language is used in all the other cases.

Indeed, the doctrine indicated is a very old one, yet it is one liable to be overlooked in the course of a trial of first instance, as it was in this case. Though the rule is so familiar that the sale of a known article upon an order for that particular thing, does not, *ipso facto,* carry, by implication, a warranty of fitness, yet, where there is the added circumstance mentioned, the idea will naturally occur to one,—not familiar with the law on the subject, or being familiar, not called upon with sufficient frequency to apply it to have it in mind at all times when challenged upon the subject,—that there should be and is a warranty of fitness. That seems to have been the case here. That there is no warranty in such cir-

cumstances, seems very plain.  The trial court should so
have ruled and disposed of the case, on the undisputed evi-
dence that respondents obtained just what they ordered, by
rendering judgment according to the prayer of the complaint.

*By the Court.*—The judgment is reversed, and the cause
remanded with directions to render judgment as indicated
in this opinion.