OHIO ELECTRIC COMPANY, Respondent, vs. WISCONSIN-MINNESOTA LIGHT & POWER COMPANY, Appellant.

*November 19—December 7, 1915.*

*Contracts: Parol evidence to vary writing: Sale under trade-name: Implied warranty of fitness: Acceptance.*

1. In the absence of fraud and mistake parol evidence of antecedent or contemporaneous oral agreements between the parties is inadmissible to contradict, alter, or modify their written contract.
2. Where, by written order and acceptance, vacuum cleaners were purchased merely by their known trade-name, without other specification, there was, under sec. 1684*t*—15, Stats. 1913, no implied warranty of fitness.
3. A purchaser of vacuum cleaners who retained them for two months before intimating that they were not satisfactory, and thereafter allowed two weeks to elapse before returning them, must, under sec. 1684*t*—48, Stats. 1913, be deemed to have accepted them.

APPEAL from a judgment of the circuit court for La Crosse county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This is an action to recover the purchase price of two vacuum cleaners which the plaintiff alleges it sold and delivered to defendant under a written contract.

The plaintiff is a corporation organized and existing under the laws of the state of Illinois and is engaged in manufacturing electric vacuum cleaners. The defendant is a corporation organized and existing under the laws of the state of Wisconsin and is the assignee of all the property of the La Crosse Gas & Electric Company and assumed the liabilities and obligations of the La Crosse Gas & Electric Company. The president of the plaintiff company exhibited to Mr. Evans, the commercial manager of the La Crosse Gas & Electric Company, now the *Wisconsin-Minnesota Light & Power Company,* one of plaintiff's model H vacuum cleaners, and after a demonstration of its work Evans directed that an order for two of those machines be sent to plaintiff. The following is a copy of the material part of the order:

La Crosse Gas & Electric Co.
La Crosse, Wis., April 20, 1914.

*Ohio Electric Co.,*
    210 N. La Salle St., Chicago, Ill.
    Please enter our order for the following.........................

| Quantity. | Description | Price |
|-----------|-------------|-------|
| 2 | Model H Vacuum Cleaners | @   $24 |

Please acknowledge receipt of this order by number and state when you will ship.

                                LA CROSSE GAS & ELECTRIC CO.,
Authorized.                          By J. M. Lavaque.
                                Charge account No. 883.

Upon receipt of this order the plaintiff wrote to defendant acknowledging receipt of the order and advising defendant that shipment would be made on April 25th. Defendant received the machines about the 1st day of May. By a letter dated July 1, 1914, defendant notified the plaintiff that the cleaners did not work satisfactorily and that one of them

634    SUPREME COURT OF WISCONSIN.    [Dec.

Ohio E. Co. v. Wisconsin-Minnesota L. & P. Co. 161 Wis. 632.

did not work at all and on July 13th reshipped them to plaintiff. Plaintiff refused to accept the machines and advised the defendant that it held them at defendant's risk.

The defendant in answer to plaintiff's complaint for the purchase price alleges that it was orally agreed before the order was given that it (defendant) should have the right of giving the cleaners a trial to ascertain if they were fit for the work intended. During the trial defendant offered evidence to show such a parol agreement and that the machines did not comply therewith because defective in workmanship. The defendant claims that under the contract of sale there is an implied warranty that the cleaners would be free from defects and offered evidence to show that one of the cleaners was so defective that it would not operate.

The circuit court refused to admit evidence of a verbal warranty or of defects in the cleaners and granted judgment in favor of the plaintiff in the sum of $87.37. From such judgment this appeal is taken.

For the appellant there was a brief by *Lees & Bunge,* and oral argument by *George W. Bunge.*

For the respondent there was a brief by *McConnell & Schweizer,* and oral argument by *C. H. Schweizer.*

SIEBECKER, J. The written order of the Gas Company for the vacuum cleaners and the plaintiff's written acceptance thereof constitute the contract of purchase. The rule is that in the absence of fraud and mistake parol evidence of antecedent or contemporaneous verbal agreements of the parties to a written contract is inadmissible to contradict, alter, or modify the written contract. *Wiener v. Whipple,* 53 Wis. 298, 10 N. W. 433; *Jackowski v. Ill. S. Co.* 103 Wis. 448, 79 N. W. 757; *Ady v. Barnett,* 142 Wis. 18, 124 N. W. 1061.

An inspection of the written order discloses that the vacuum cleaners ordered and purchased are therein specified by their known trade-name under which plaintiff offered them

in the market. These facts preclude the claim that the contract of purchase implies a warranty of fitness. Sec. 1684*t*—15, Stats. 1913; *La Crosse P. Co. v. Helgeson,* 127 Wis. 622, 106 N. W. 1094; *La Crosse P. Co. v. Brooks,* 142 Wis. 640, 126 N. W. 3.

It is contended that the defendant was prejudiced by the refusal of the court to permit it to show that one of the vacuum cleaners was so defective that it could not be operated. The defendant insists upon the right of returning both of the cleaners under its attempted rescission of the sale by returning the cleaners on July 13th, after it had received them on or before the preceding 1st of May. The answer of defendant is silent on this subject. It is urged that the pleadings in the case were framed in justice's court and the greatest latitude should have been allowed in the admission of evidence to permit defendant to show defects in the cleaners. Under the case presented defendant is not in position to invoke the right of such a disposition of the case. The facts show that it retained the cleaners for a period of two months before intimating that they were not satisfactory, and allowed two weeks thereafter to elapse before returning them to plaintiff. The retention of articles purchased is as effectual an acceptance of them as if the purchaser intimates to the seller that they are accepted. *Kelsey v. J. W. Ringrose N. Co.* 152 Wis. 499, 140 N. W. 66. Under the facts and circumstances of the case showing that defendant retained the cleaners for a period of nearly two and one-half months after having received them, it must be deemed to have accepted them as satisfactory under the contract of purchase. Sec. 1684*t*—48.

*By the Court.*—The judgment appealed from is affirmed.