NORTHWESTERN BLAUGAS COMPANY, Appellant, vs. GUILD and another, Respondents.

*March 7—April 2, 1919.*

*Sales: Express warranty: Contract construed: When implied warranty arises: Parol testimony affecting writing.*

1. In a written contract plaintiff expressly warranted all Blaugas "plants or systems" sold by it to defendants at a stated price to be in good working order and free from defects in material and workmanship. Certain connections and fixtures not included in the plant or system itself were necessary to constitute a complete cooking or lighting plant, and the contract provided separately that, while the defendants might purchase such appliances from whomsoever they pleased, they must first be approved by plaintiff; also that they might be ordered from plaintiff at a certain discount from list prices. *Held,* that the express warranty did not cover such fixtures.

2. As to fixtures ordered by defendants from plaintiff's catalogue which were standard fixtures and sold by a trade name, no implied warranty as to quality or fitness for the particular purpose arose under sec. 1684t—15, Stats.

3. Evidence to show an oral warranty made prior to or contemporaneous with the written contract was inadmissible.

APPEAL from a judgment of the circuit court for Richland county: GEORGE CLEMENTSON, Circuit Judge. *Reversed.*

Action to recover upon open book account. The plaintiff, which is the owner of the sole and exclusive right for the sale of Blaugas plants and systems in Richland county, Wisconsin, with other territory, on the 29th day of October, 1915, entered into a written contract with defendants by which it granted to defendants the exclusive right to take orders for sale of Blaugas cooking and lighting systems, together with all necessary equipment, fixtures, stoves, etc., in certain portions of Richland county, Wisconsin, for a period of one year, which contract was renewed for another year on the 7th day of September, 1916. Pursuant to such contract the plaintiff furnished to the second party a number of plants, together with many items of fixtures, appliances, and sup-

plies, from time to time, and this action was brought to recover a balance due on the open account thus incurred.

The defense was in substance that defendants had installed two Blaugas lighting systems on two separate farm premises, which lighting systems had not proved satisfactory because the fixtures supplied by plaintiff with which said lighting systems were equipped were defective in material and workmanship, by reason of which the plants did not prove satisfactory and defendants were obliged to take them out, by reason of which they suffered damage, which was pleaded as a counterclaim to the action. The jury found in favor of the defendants, upon which verdict judgment was rendered dismissing the plaintiff's complaint. From this judgment plaintiff appeals.

*A. J. Buscheck* of Milwaukee and *L. H. Bancroft* of Richland Center, for the appellant.

For the respondents there was a brief by *Burnham & Black* of Richland Center, and oral argument by *O. D. Black.*

OWEN, J. It appears by the evidence that a Blaugas plant or system consists of a steel cabinet in which is a low-pressure regulator and relief safety valve and pressure gauge, at one end of which are two copper tubes which are connected with a large expansion tank. This cabinet also furnishes space in which to place two cylinders of Blaugas. It also contains certain tubing, valves, etc. The system itself does not contemplate connecting tubes or lighting or cooking fixtures. The Blaugas plant may be connected up with a cooking oven, in which instance it constitutes a cooking plant; or it may be connected with lighting fixtures, in which case it constitutes a lighting plant.

The claim on the part of the defendants is that the fixtures were defective on the two lighting tubes. It was conceded that there was nothing wrong with the plant proper. The question is whether the fixtures were warranted and whether there was a breach of such warranty which furnished the

basis of a claim for damages on the part of the defendants. If such warranty existed it must be found either in the contract or arise by implication of law.    The contract contains this provision:

"First party guarantees for a period of one year the Blaugas plants or systems, and all such as may be furnished second party, against defects in material and workmanship, and warrants same to be in good working order.    Should there be any defective parts to such Blaugas plants or systems, the first party agrees to furnish, without charge, such new parts as may be necessary to replace those found to be defective."

That is the only provision in the nature of a warranty to be found in the contract.    By the terms of the contract the second party agreed to purchase ten No. 50 Standard plants or systems at $90 each within one year from the date of the contract.    It is also provided in the contract

"that all stoves, hot plates, ovens, gas fixtures, burners, globes, flat irons, etc., must be specially made for the use of Blaugas, and, while the second party has the right to purchase all such appliances from whomsoever it pleases, they must first be approved by the first party.    The first party agrees to furnish the second party, where and when they may be ordered, all such appliances as are shown in the first party's catalogue or in any subsequent catalogue, or additions thereto, at fifty per cent. of the list price thereof."

These separate provisions of the contract, one relating to the plant or system which was to be furnished at the price of $90, and the other relating to fixtures which were to be ordered from the first party's catalogue and paid and furnished at fifty per cent. of the list price thereof, indicate that the term "plant or system," as the same is used in the contract, does not include either cooking or lighting fixtures.    The contract therefore deals with the Blaugas plant or system as something separate and distinct from the fixtures necessary to constitute a complete cooking or lighting plant.    The war-

ranty only applies to Blaugas plants or systems.   It does not apply to either cooking or lighting fixtures.   We therefore conclude that the terms of the warranty appearing in the contract do not include fixtures, either lighting or cooking.

If any warranty exists therefor it must be an implied and not an expressed warranty.   The statute (sec. 1684t—15) provides that there is no implied warranty or condition as to the quality or fitness for any particular purpose of goods supplied under a contract to sell or a sale, except in certain instances therein specified among which is this:

"Where the buyer, expressly or by implication, makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment (whether he be the grower or manufacturer or not), there is an implied warranty that the goods shall be reasonably fit for such purpose."

If an implied warranty exists it is by virtue of this provision of the statute.   It will be noticed that the implied warranty arises by virtue of this provision when the buyer "makes known to the seller the particular purpose for which the goods are required, and it appears that the buyer relies on the seller's skill or judgment."   That is not the case here. The fixtures ordered were ordered from plaintiff's catalogue. They were standard fixtures, and sold by a trade name. Under such circumstances no implied warranty arises.   *Ohio E. Co. v. Wisconsin–Minnesota L. & P. Co.* 161 Wis. 632, 155 N. W. 112.

The court permitted evidence of certain representations made by the agent to defendants at or before the signing of the contract which it is claimed amounted to a warranty, of which the defendants can avail themselves in this case.   Under familiar principles of law no express or oral warranty made prior to the written contract can be shown, and the evidence should not have been admitted.   *J. I. Case P. Works v. Niles & Scott Co.* 90 Wis. 590, 63 N. W. 1013.

We are of the opinion that no warranty was shown the breach of which could avail defendants as a defense to this action.

In the main, therefore, defendants have no defense. There are certain minor items concerning which there is some controversy and sufficient evidence to justify a finding in defendants' favor. As to these items plaintiff expresses a willingness to have these doubts resolved in favor of defendants and asks that judgment be ordered in its favor for the amount of its claim less these small items. The amount of plaintiff's claim after such deductions are made is $255.57. We think the evidence shows without dispute that plaintiff is entitled to judgment in that amount, and the judgment will be reversed, and the cause remanded with instructions to enter judgment in favor of plaintiff and against the defendants for $255.57.

*By the Court.*—Judgment reversed, and, the cause remanded with instructions to enter judgment in favor of the plaintiff and against the defendants in the sum of $255.57 as of the date of the verdict.

KERWIN and ROSENBERRY, JJ., took no part.