CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant, vs. JEWETT and others, Respondents.

*March 7—April 2, 1919.*

*Carriers: Shipment to foreign country: Bill of lading: Published rates: Prior quotation of lower rate: Limiting liability of initial carrier: Sale of goods for charges.*

1. The bill of lading issued by a common carrier upon a shipment of goods to a foreign country became the contract between the parties, which could not be varied by a prior oral quotation of a through rate by the agent of the carrier.

2. As to a shipment to a foreign country, the Carmack amendment to the interstate commerce act (34 U. S. Stats. at Large,

595, ch. 3591) did not apply, and it was competent for the parties to make a contract limiting the carrier's liability to its own line.

3. As to such a shipment the initial carrier, by its bill of lading, agreed to carry the goods to "its usual place of delivery at said destination, *if on its road,* otherwise to deliver to another carrier on the route of said destination," and it was stated therein that as to the portion of the route beyond its own line it acted only as agent. The goods were so carried to New York by it and its connecting carriers. Payment of the freight charges was there refused by the firm in whose care the goods were consigned for exportation, the consignee having failed to provide funds for such charges. Subsequently the goods were sold to pay the freight, demurrage, and storage charges. *Held,* that there was no default by the initial carrier by reason of the fact that the shipment did not reach its destination, and that it is entitled to recover the freight charges to New York at the published tariff rate as well as storage charges, less the net amount realized by sale of the goods.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Reversed.*

Action to recover freight and storage charges on 314 bales of nursery moss shipped over plaintiff's line by the defendant. The action was tried by the court without a jury, and the material facts were not seriously in dispute. In the fall of 1909 the defendant inquired of the plaintiff's agent at Sparta the freight rate on a carload of nursery moss from Mather to Cape Town, South Africa, and was given a through rate. The amount of the rate so given was either $185.25 or $220, the exact figure not being material. After receiving this rate he quoted the same to Pickstone Bros. at Cape Town, and that firm on the basis of the rate so quoted ordered a carload of moss from the defendant which the defendant shipped March 16, 1910, at the station of Mather on the plaintiff's road. At the time of making the shipment the defendant accepted a bill of lading from plaintiff's agent which acknowledged receipt of the moss, "which said company agrees to carry to its usual place of delivery at said

destination, *if on its road,* otherwise to deliver to another carrier on the route to said destination." The bill of lading further stated that the property was consigned to H. E. V. Pickstone, destination Cape Town, South Africa, via P. M. Ry. & Boat at N. Y. c|o E. & N. H. Caldwell, 26 Broadway, New York City, and that "in issuing this bill of lading this company agrees to transport only over its own line, and except as otherwise provided by law acts only as agent with respect to the portion of the route beyond its own lines."

The shipment was carried by plaintiff over its own line to Chicago, and by connecting carriers to New York, where delivery was tendered to E. & N. H. Caldwell and demand made for the freight from Mather to New York, amounting to $114 according to the published freight rates on file with the interstate commerce commission. Payment was refused by the Caldwells on account of lack of funds in their hands belonging to the consignee, and the shipment was held for the payment of the freight, demurrage, and storage charges already incurred, amounting to $64.97. The property was thereafter sold to pay the charges and the net amount realized was $32, which was turned over to the New York Central & Hudson River Railroad Company. The court found that the rates of carriage of freight from Mather to Cape Town were not included in the tariffs published by the plaintiff and on file with the interstate commerce commission; that the defendant made his contract of sale with the Pickstone brothers relying on the quotation of a through rate to Cape Town given him by plaintiff's agent; that the plaintiff failed to transport the shipment to Cape Town, the failure resulting in the sale and conversion thereof; and that the reasonable value of the shipment was $205. The trial court concluded that the contract of shipment was a through contract from Mather to Cape Town and adjudged that the defendant recover of the plaintiff the value of the moss so converted, with costs. The plaintiff appeals from this judgment.

Chicago, M. & St. P. R. Co. v. Jewett, 169 Wis. 102.

For the appellant there were briefs by *Rodger Trump* of Milwaukee and *R. B. Graves* of Sparta, and oral argument by *Mr. Graves.*

For the respondents there was a brief by *John F. Doherty* of La Crosse and *James Moran* of Tomah, and oral argument by *Mr. Moran.*

Winslow, C. J. In this case it is held:

1. The familiar principle that oral negotiations are merged in and supplanted by a written contract afterwards entered into between the parties covering the same subject applies to the present case *(Ohio E. Co. v. Wis.-Minn. L. & P. Co.* 161 Wis. 632, 155 N. W. 112), hence the oral quotation of a through rate to Cape Town is of no moment because the written bill of lading became the contract between the parties.

2. This being a shipment to a foreign country, the Carmack amendment did not apply, and it was competent for the parties to make a contract limiting the plaintiff's liability to its own line. *Best v. G. N. R. Co.* 159 Wis. 429, 150 N. W. 484.

3. It follows that there was no default on the part of the plaintiff by reason of the fact that the shipment did not reach Cape Town, and that it is entitled to recover the freight charge to New York at the published rate as well as storage charges, less the net amount realized by sale of the goods, which appears to have been $32.

*By the Court.*—Judgment reversed, and action remanded with directions to enter judgment for the plaintiff for $146.97 and costs.

Kerwin and Rosenberry, JJ., took no part.