No. 25,761.

GERLACH-BARKLOW COMPANY, *Appellant,* v. W. E. MOORE, *Appellee.*

SYLLABUS BY THE COURT.

EVIDENCE—*Contemporaneous Oral Agreement Affecting Writing.* The rule forbidding the contradiction of the terms of a written contract by a contemporaneous oral agreement is applied where the written contract was for the purchase of goods, containing a provision that the order was not subject to cancellation, and the buyer invoked a contemporary oral agreement that he might countermand the order if he went out of business.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed April 11, 1925. Reversed.

*H. G. Wierenga,* of Kansas City, for the appellant.
No appearance was made for the appellee.

The opinion of the court was delivered by

MASON, J.: This action was brought for the price of advertising calendars furnished by the plaintiff, located at Joliet, Ill., to the defendant, at Kansas City, Kan., upon a written order. The defend-

ant, among other things, relied upon a right of countermand within a stated time, which he claimed was given him by an oral agreement entered into before he signed the order. Judgment was rendered for the defendant and the plaintiff appeals.

The order was taken August 26, 1921, by a traveling salesman, whose authority extended only to soliciting orders, to be sent to his employer for acceptance or rejection, so that no contract resulted until the order was accepted by the plaintiff. The plaintiff's cashier and credit manager testified that the order was received August 29, 1921, and perhaps an acknowledgment and acceptance at that time may be inferred, for there seems to have been no contention that there was not a timely acceptance. At any rate the evidence in behalf of the plaintiff was that the goods were shipped September 16, 1921, and that the direction to cancel the order was dated September 19 and received September 21, 1921, so that a finding would have been warranted that the order was accepted at least as early as September 16, and hence before the attempted cancellation referred to. The defendant testified to writing a letter to the plaintiff about September 5 notifying it that he had sold his business, but produced no copy of the letter, and this testimony may not have been given weight.

The defendant testified that before he signed the order it was orally agreed that he might cancel it within thirty days if he sold his business, and that he did so. The written order contained provisions that no oral agreements would be recognized, and that it was not subject to cancellation. From the time it was accepted it became a binding agreement in writing and its terms could not be varied by any oral agreement made prior to its execution. The usual parol-evidence rule applies in that situation. (22 C. J. 1114; *Kessler v. Smith,* 42 Minn. 494; *Colles v. Lake City Electric R. Co.,* 22 Ind. App. 86; *Reeves & Co. v. Bruening,* 13 N. D. 157; *Ohio E. Co. v. Wisconsin-Minnesota L. & P. Co.,* 161 Wis. 632.) At the time the testimony referred to was offered, the trial judge stated that it was admitted on the theory that it went to the question of execution, being directed to the proposition that the salesman who took the order agreed that he would not send it in to the plaintiff at once, but would hold it for further directions from the defendant. This distinction was not preserved, however, in the testimony or in the instructions. The jury were instructed, in substance, that they might give effect to the oral agreement as one allowing the defendant

a right to countermand the order after its acceptance by the plaintiff. No appearance has been made in this court in behalf of the defendant, and considerations in its favor may exist to which the attention of the court has not been directed. Other issues were presented, but so far as we discover there is nothing to show that the verdict was not based upon the evidence of the modification of the written contract by a prior oral agreement, in reliance upon the instruction referred to, which, for the reasons indicated, we hold to be erroneous.

The judgment is reversed with directions to grant the motion for a new trial.