518

Rice, Appellant, vs. Green, Respondent.

*September 11—October 8, 1929.*

For the appellant the cause was submitted on the brief of *Knowles & Doolittle* of River Falls.

For the respondent there was a brief by *White & White* of River Falls, and oral argument by *Ferris M. White.*

FOWLER, J. A buyer accepts goods when "he does any act in relation to them which is inconsistent with the ownership of the seller, or when, after the lapse of a reasonable time, he retains the goods without intimating to the seller that he has rejected them." Sec. 121.48, Stats. The defendant's keeping the goods for the period stated, displaying them for sale, advertising them, and sending out the checks to induce their sale, all after discovering the fraud of which he complains, constituted an acceptance of them under this statute. *Ohio Electric Co. v. Wisconsin-Minnesota L. & P. Co.* 161 Wis. 632, 155 N. W. 112; *Hiltgen v. Biever,* 162 Wis. 315, 156 N. W. 132; *Knobel v. J. Bartel Co.* 176 Wis. 393, 187 N. W. 188. A buyer cannot rescind for fraud after he has accepted goods without objection after examining them. 35 Cyc. 141. Independent of the statute cited, or upon accepted principles which the statute expresses, doing as stated constituted an affirmance of the contract of sale and precluded defendant from rescinding it for fraud. Not returning the show-case, which was a part of the goods purchased, also so operated, for a contract rescinded for fraud must be rescinded *in toto.* 6 Ruling Case Law, pp. 956, 957, §§ 335, 336. The offer to buy the show-case, ignored by the plaintiff, did not relieve the defendant from the duty to return it as condition precedent to rescission.

The defendant having no right to rescind the sale, the plaintiff is entitled to recover the contract price of the goods, in absence of a counterclaim for damages for the fraud, unless the contract was void as against the public policy of the state declared by the Trading Stamp Act. That statute, sec. 134.01, provides in substance that no person within the state shall use, give, or furnish in connection with the sale of any goods any trading stamp, ticket, or similar device which shall entitle the purchaser receiving the same to pro-

cure any goods in exchange therefor, but allows the use of such devices payable in cash by the person issuing them. The statute has been declared constitutional on the general ground that the use of such devices tends to induce improvident buying. *State v. Weigle,* 166 Wis. 613, 166 N. W. 54. The general practice aimed at by the statute was the giving on sales of merchandise of coupons, stamped as of money value equal to the amount of the purchase, with promise that, on presentation of a number of them aggregating on their face a specified large amount, the seller would accept them in exchange for specified articles stated as of specified value, usually greatly exaggerated, and like practices. We cannot see that use as contemplated by the contract and the parties of the checks furnished by the plaintiff would constitute the outlawed practice. The checks were not given in connection with any sale. The use was similar to the common advertising practice of sending by mail, or delivering at doors, coupons with advertising matter informing the recipient that, on presentation of a coupon at a specified store, one of the advertised articles will be presented to him, or informing him that on his purchase from a dealer in the article advertised of a specified number of the articles at the standard price, an extra article will be delivered to him. These practices are in nowise different in principle from advertising in a newspaper or on a window poster that a larger number of articles will be sold at the standard price of a less number.

We are of the opinion that the transaction evidenced by the contract of sale did not violate the Trading Stamp Statute, and that the plaintiff should not be barred from invoking the aid of the court to enforce his claim.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to enter judgment for plaintiff.